**Melvin GISH et al., Appellants,**

**v.**

**Milton HALE, Appellee.**

**Robert L. RICHMOND, Appellant,**

**v.**

**Ella A. OLINGER and Milton Hale,
Appellees.**

Court of Appeals of Kentucky.

June 24, 1955.

Rehearing Denied Nov. 18, 1955.

Vert C. Fraser, Providence, for appellants.

M. S. Mahurin, Henderson, for appellees.

MILLIKEN, Judge.

These appeals are from judgments denying recovery for injuries and damages sustained in an automobile collision.

The two actions here consolidated arose out of an automobile accident which occurred near dawn on November 29, 1953, on U. S. Highway No. 41, near Henderson, Kentucky. The appellant, Melvin Gish, operating a 1953 Chevrolet belonging to appellant Robert L. Richmond, was driving alone south on the two-lane highway when

at a point about six miles south of Henderson he met an oncoming northbound 1949 Ford belonging to the appellee, Milton Hale, a resident of Chicago. The Ford was driven by Mrs. Ella Olinger, Hale's sister-in-law. Hale was asleep on the back seat, his wife was nodding on the front seat holding Mrs. Olinger's six-months-old daughter, while Mrs. Olinger's five-year-old daughter slept on a pallet on the back seat floor. The two cars collided and the appellant, Gish, was seriously injured and so were all of the occupants of the Ford, but they filed no counterclaim against Gish after he and Richmond filed their actions, the latter for damages to his automobile.

The crucial question before the jury was which car was on the wrong side of the road at the time of the impact. The evidence for the appellants on this point consisted of skid marks Gish claimed were made by the car he was driving, and which, if made by his car, suggest Gish was in his right-hand lane at the moment of impact. There were also gouged out places in the asphalt and Gish's own version of the accident which indicated he was on his side of the road. Several witnesses said they observed asphalt on the rims of the car driven by Gish, indicating it made the gouged out places. No asphalt was scraped up by the Hale car.

The evidence for the appellees consists of Mrs. Olinger's testimony that she was on her side of the road. All of the other passengers in the Hale car were asleep and did not witness the accident. In addition, State Trooper Tanner, who investigated the accident, said he didn't pay much attention to the skid marks since all of the debris, mud, etc., were in the northbound lane—the Ford's right lane.

There are the usual possible inferences from the position of the cars after the collision. The rear of Hale's car—the Ford —was off the asphalt of its lane, while the left front wheel was still on the hard surface, the car sitting at about a 45-degree angle to the direction it had been traveling. The car driven by appellant—the Chevrolet —was turned almost completely around from the direction in which it had been traveling with the front of the car on the pavement in its lane and the rear off the pavement at about a 45-degree angle. None of the evidence was convincing.

Mrs. Olinger, the driver of the other car, testified by way of deposition that the Hale party had been traveling all night, that she had been driving since they left Nashville, three hours earlier. She said she was not sleepy and was driving in her right lane. When she saw Gish's car coming at her she said, "I swerved to the right side and that's about all I know." Gish said, however, that the Hale car swerved into his lane immediately ahead of him, that he applied his brakes (apparently making the skid marks), but could not avoid the collision. It will thus be seen that the evidence of the drivers was in direct conflict.

At the trial the jury denied recovery to both Gish and Richmond, the owner of the car driven by Gish, and both have appealed. The grounds urged for reversal are: (1) The trial court erred in admitting the deposition of Mrs. Ella A. Olinger (a) because it was filed after the time fixed by order of the court, and (b) because the notary taking the deposition failed to state the witness had been duly sworn and further failed to sign the deposition, CR 30.05 and CR 30.06; (2) the verdicts were flagrantly against the evidence since the jury, in reaching its decision, ignored the skid marks and gouged out places on the highway, which show conclusively that Gish was in his lane; and (3) the court erred in admitting irrelevant evidence prejudicial to appellants.

The suppression of a deposition on the ground that it was filed after the time fixed by rule or order is discretionary with the trial court. In the absence of bad faith or prejudice to the rights of the adverse party such a deposition should not be suppressed. 26 C.J.S., Depositions, § 85, page 923; 16 Am.Jur., Depositions, Section 96. Upon motion to suppress, the admission of a deposition is discretionary with the trial court and its ruling will not be disturbed except for abuse of discretion or because substantial rights have been prejudiced. Here,

the deposition of Mrs. Olinger, who was a patient at an Alabama hospital, was by court order to be taken and filed by December 15, 1954. The deposition was taken December 11, but was not filed until January 3, 1955, the day before the trial. The late filing was caused by the illness of the Alabama notary which began shortly after the taking of the deposition and before she could transcribe it. The delay was not a matter over which the appellees had any control. A motion for a continuance should have been made by the appellants if they wished more time to examine this deposition. Since they made no such motion, we do not believe the trial court abused its discretion when it admitted the deposition.

 The objection to the fact the foreign notary did not state that Mrs. Olinger had been duly sworn and the further objection that the notary failed to sign the deposition are raised for the first time on this appeal, and, not having been timely made, these objections are considered waived. CR 32.04.

The argument that the verdicts were flagrantly against the evidence cannot be sustained in view of the fact that there were conflicting physical facts and circumstances (for example, most of the dirt and debris were in the lane opposite the skid marks), as well as other conflicting testimony. This is not a case where physical facts point so unerringly to the cause of the collision as to leave no room for a contrary determination, as in Silver Fleet Motor Express v. Wilson, 291 Ky. 509, 165 S.W.2d 48.

The appellants contend that the judgments in these two cases should be reversed because the trial court erred in admitting irrelevant evidence prejudicial to them. The trial court permitted Mrs. Olinger by way of deposition and other passengers in the Hale car to testify in detail as to the nature and extent of the injuries they suffered. The appellants claim this evidence was irrelevant because there was no counterclaim. This objection was not made before the trial court and cannot be claimed as error on appeal.

We find no meritorious ground for reversal of the judgments. In fact, on the basis of the evidence, we concur with the jury.

The judgments are affirmed.